# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LINDA MARIE KOT,

    Defendant.

Case No. 2:10-CR-00280-KJD-GWF

**ORDER**

Presently before the Court is the United States' Motion *in Limine* (#106) regarding the discovery and use of FBI 302s. Defendant filed a response (#110) to which the United States replied (#112). Also before the Court is Defendant's Motion *in Limine* (#115) regarding the Government's use of the term "straw buyer." The United States filed a response in opposition (#118). Finally, the United States' Motion *in Limine* (#88/93) regarding the use of Rule 404(b) evidence is denied as moot.

A. FBI 302s

To provide for full and fair cross-examination, the Jencks Act requires that after a witness for the United States testifies on direct examination, the government must provide the defense with any statements made by the witness that relates to the subject of his or her testimony. 18 U.S.C. § 3500. A statement within the meaning of the Jencks Act is defined as "a written statement made by said

witness and signed or otherwise adopted or approved by him"; a recording or transcription that "is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously"; or a statement made by a witness to the grand jury. 18 U.S.C. § 3500(e).  In Palermo v. United States, the Supreme Court held that because the Jencks Act is meant to restrict the defendant's use of discoverable statements for impeachment, 360 U.S. 343, 349 (1959), "only those statements which could properly be called the witness' own words should be made available to the defense." Id. at 352. The Court went on to elaborate that "summaries of an oral statement which evidence substantial selection of material" or "statements which contain [an] agent's interpretations or impressions" are "not to be produced." Id. at 352-53.

Consistent with Palermo, FBI 302s are not discoverable under the Jencks Act because they are not statements of the witness within the meaning of the statute.  Unless the witness has reviewed and adopted the FBI 302s, the 302s are not statements of the witness under subsection (e)(1) of the Jencks Act.  Moreover, because the 302s are written after interviews are completed and reflect the thought processes and interpretations of the agent, they do not constitute a contemporary and substantially verbatim recital of the witness's statement under subsection (e)(2).

Every circuit court to address the question, including the Ninth Circuit, has held that FBI 302s generally are not discoverable under the Jencks Act. United States v. Price, 542 F.3d 617, 621 (8th Cir. 2008) (holding that absent evidence that the witnesses "approved or adopted" the FBI 302s, "these documents are not discoverable under . . . the Jencks Act"); United States v. Jordan, 316 F.3d 1215, 1255 (11th Cir. 2003) (holding that FBI 302s "are not Jencks Act statements of the witness unless they are substantially verbatim and were contemporaneously recorded, or were signed or otherwise ratified by the witness"); United States v. Donato, 99 F.3d 426, 433 (D.C. Cir. 1996) ("[T]he agent's notes and 302 report . . . are not covered by the Jencks Act."); United States v. Roseboro, 87 F.3d 642, 646 (4th Cir. 1996) ("[T]he district court's finding that the FBI 302 Report was not a Jencks Act statement is not clearly erroneous."); United States v. Farley, 2 F.3d 645, 654-55 (6th Cir. 1993) (holding that because there was "no proof that the statement was adopted or

approved . . . it was not clearly erroneous . . . to deny defendants access to the FBI 302"); United States v. Williams, 998 F.2d 258, 269 (5th Cir. 1993) ("We hold that the FBI Forms 302 were not discoverable statements under the Jencks Act."); United States v. Morris, 957 F.2d 1391, 1402 (7th Cir. 1992) ("[T]he documents are not statements producible under the Jencks Act because they were neither signed nor adopted . . . and further because they are not a verbatim recital . . . but rather only an agent's summary."); United States v. Foley, 871 F.2d 235, 239 (1st Cir. 1989) ("It is plain that the 302s are not substantially verbatim recitals . . . and recorded contemporaneously."); United States v. Claiborne, 765 F.2d 784, 801 (9th Cir. 1985) (because "the summaries represent . . . the agents' selection of certain information . . . the district court properly characterized the summaries as non-Jencks Act material"), *abrogated on other grounds by* Ross v. Oklahoma, 487 U.S. 81 (1988).

Accordingly, the Court grants the United States' motion *in limine*. Defendant is precluded from using the 302s inconsistently with the laws and rules of evidence. Particularly, the contents of 302s may not be used to impeach witnesses on the basis of inconsistent statements, because the statements are not the statements of the witnesses themselves.[1] Defendant is precluded from quoting, publishing or suggesting to the jury in any way the contents of a 302 or that a 302 is a statement of a witness. It would "be grossly unfair to allow the defense to use statements to impeach a witness which could not fairly be said to be the witness' own rather than the product of the investigator's selections, interpretations, and interpolations." Palermo, 360 U.S. at 350.

Defendant is free to ask a witness whether he or she made a statement that is reflected in an FBI 302. However, if the defense is not satisfied with the witness's answer, Defendant may not publish or introduce the contents of the 302 as a prior inconsistent statement. See United States v. Brika, 416 F.3d 514, 529 (6th Cir. 2005) (holding that "such documents [FBI 302s] have been deemed inadmissible for impeaching witnesses on cross-examination"), *abrogated on other grounds by* United States v. Booker, 543 U.S. 222 (2005); United States v. Leonardi, 623 F.2d 746, 757 (2d

---

[1] An exception is provided if the witness is an agent and the questioning involves the agent's own statements memorialized in a 302.

Cir. 1980) (holding that because "the written statement of the FBI agent was not attributable to [the witness]" it was "properly rejected as a prior inconsistent statement"); United States v. Hill, 526 F.2d 1019, 1026 (10th Cir. 1975) (upholding the trial court's decision to "not allow counsel to use the 302 statement to impeach a witness because the witness did not prepare or sign the document and probably never adopted it"). Moreover, the defense may not use the 302 in a way that suggests to the jury that the 302 is a statement of the witness. See United States v. Marks, 816 F.2d 1207, 1210-11 (7th Cir. 1987) (holding that where defense counsel read from a 302 during cross-examination in a way that would "seem authoritative" and potentially confuse the jury, the judge was entitled to require the witness be shown the 302 and given the opportunity to adopt or reject it as a statement, although such a practice was no longer required by the federal rules of evidence).

II. Use of the Term "Straw Buyer"

Defendant asserts that the Court should preclude the prosecution from using the term "straw buyer" because the term is vague, misleading, and unduly prejudicial under Rule 403. However, applicable case law both inside and outside the Ninth Circuit supports the use of the term. In United States v. Kingston, 971 F.2d 481, 487 (10th Cir. 1992), the Tenth Circuit Court of Appeals approved the use of this term at trial. In that case, Kingston "made a motion *in limine* to prevent the government from referring to the individuals he asked to purchase properties on his behalf as 'straw-buyers.'" Id. The district court denied Kingston's motion. Id. at 488. On appeal, the Tenth Circuit concluded that the district court did not abuse its discretion in denying the motion. Id. In doing so, the panel noted that the Tenth Circuit has a history of using "similar terms." Id. at 487, n.2 (collecting cases).

Similarly, courts in this Circuit often use the phrase "straw buyer" as a summary term. For example, in United States v. Newman, a Ninth Circuit panel noted that one of the defendants "entered into a conspiracy to obtain money and property by using straw buyers to apply for mortgage loans." 659 F.3d 1235, 1238 (9th Cir. 2011) (internal quotation omitted). In United States v. Crandall, the Ninth Circuit stated that "McDonnell could not obtain sufficient financing to purchase

all of the apartment buildings, so he recruited former colleagues to act as his straw buyers." 525 F.3d 907, 910 (9th Cir. 2008). The panel observed that "[i]n addition to using straw buyers for his own properties, McDonnell agreed to act as the straw buyer of an apartment building for" another individual. Id.; see also United States v. Brandt, 2012 WL 112288, at *1 (9th Cir. Jan. 13, 2012) ("[T]he straw buyers misstated their income, assets, employment and intent to occupy the properties."); United States v. Tam, 240 F.3d 797, 800 (9th Cir. 2001) ("Defendants Tam, Ng, and Giang were middle-tier members of the conspiracy who recruited 'straw buyers.' The straw buyers would purchase or lease luxury vehicles . . . ."); United States v. Taskov, 2010 WL 3488984, at *4 (D. Nev. Aug. 31, 2010) (noting that the indictment alleged the defendants obtained loans through schemes "involving straw buyers").

Just as in Taskov, the Superceding Indictment (#120) in this action alleges a scheme involving "straw buyers" and defines that term as "an individual in whose name loan applications were submitted to lenders for mortgages to enable other persons, not identified to the lenders, to purchase and control houses." Whether the identified individuals were, or were not, "straw buyers" is a fact question. Defendant may argue and present evidence at trial that the scheme did not involve straw buyers and that the identified individuals were not, in fact, straw buyers. However, use of the summary term describing the alleged conduct does not create a risk of unfair prejudice that outweighs the term's probative value. See Fed. R. Ev. 403. Accordingly, Defendant's motion *in limine* is denied.

III. Conclusion

Accordingly, IT IS HEREBY ORDERED that the United States' Motion *in Limine* (#106) is **GRANTED**;

IT IS FURTHER ORDERED that Defendant's Motion *in Limine* (#115) is **DENIED**;

///

///

///

IT IS FURTHER ORDERED that the United States' Motion *in Limine* (#88/93) is **DENIED as moot**.

DATED this 10th day of May 2012.

_____
Kent J. Dawson
United States District Judge